UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

RONALD EUGENE ALLEN, Jr.,

                          Petitioner,

     v.

WILLIAM REUBART, *et al.*,

                          Respondents.

Case No. 3:21-cv-00141-ART-CSD

ORDER

## I.   SUMMARY

This habeas corpus action is brought by Ronald Eugene Allen, Jr., an individual incarcerated at Nevada's Ely State Prison. Allen is represented by appointed counsel. Respondents have filed a motion to dismiss, arguing that certain of Allen's claims are unexhausted and/or procedurally defaulted. The Court will grant the motion to dismiss in part and will dismiss two of Allen's claims.

## II.   BACKGROUND

In its ruling on Allen's direct appeal, the Nevada Court of Appeals described the factual background of the case as follows:

> Ronald Eugene Allen, Jr., appeals from a judgment of conviction, pursuant to a jury verdict, of invasion of the home, burglary while in possession of a deadly weapon, battery with use of a deadly weapon resulting in substantial bodily harm constituting domestic violence, and battery with intent to kill constituting domestic violence. Eighth Judicial District Court, Clark County; Jerry A Wiese, Judge.

> Allen was arrested for breaking into his mother's apartment and beating her with a baseball bat, seriously injuring her. The State charged him with invasion of the home, burglary while in possession of a deadly weapon, attempted murder with use of a deadly weapon, battery with use of a deadly weapon resulting in substantial bodily harm constituting domestic violence, and battery with intent to kill constituting domestic violence. At trial, the State presented testimony from the victim and the victim's daughter, who was on the phone with the victim when Allen broke into the home and began to

1

beat the victim. The State also presented other evidence including testimony from those who were involved with the investigation or the victim's healthcare. The Defense did not present any witnesses, arguing that the State did not prove its case because only the victim's testimony linked Allen to the crime. The jury found Allen guilty of all charges except an alternative charge of attempted murder with use of a deadly weapon.

\* \* \*

… [T]he victim testified that Allen broke into her home through a window and beat her. The victim's daughter testified that she overheard glass breaking, her mother exclaim "no, Ronnie, no," and her mother screaming. A police officer and a detective testified that the victim identified Allen as her attacker immediately following the crime. The State also presented a portion of the victim's 911 call, wherein she identified Allen as her attacker, as well as other evidence of the victim's injuries and the crime scene.

(ECF No. 33-23, pp. 2–4.)

Allen was sentenced, as a habitual criminal, to four concurrent sentences of life in prison with the possibility of parole after ten years. (*See* ECF Nos. 32-18, 32-20.) The judgment of conviction was entered on September 8, 2017. (ECF No. 32-20.)

Allen appealed, and the Nevada Court of Appeals affirmed the judgment of conviction on December 14, 2018. (ECF No. 33-23.)

Allen then filed a *pro se* petition for writ of habeas corpus in the state district court. (ECF No. 33-26.) He requested appointment of counsel and an evidentiary hearing, both of which were denied. (ECF Nos. 33-27, 33-29, 33-32, 34-3.) The state district court denied Allen's petition in a written order filed on May 6, 2020. (ECF No. 34-3.) Allen appealed, and the Nevada Court of Appeals affirmed on January 22, 2021. (ECF No. 34-10.)

Allen initiated this federal habeas corpus action by submitting a *pro se* petition for writ of habeas corpus for filing on March 29, 2021. (ECF Nos. 1, 4.) The Court appointed counsel for Allen (ECF No. 3), and, with counsel, Allen filed a first amended habeas petition on May 11, 2021 (ECF No. 11) and a second amended habeas petition on November 5, 2021 (ECF No. 22).

Allen's second amended petition—his operative petition—asserts the following claims for habeas corpus relief:

> Ground 1: "Allen was convicted of all counts on insufficient evidence in violation of the Fifth, Sixth and Fourteenth Amendments to the United States Constitution."

> Ground 2: "The trial court deprived Allen of due process and a fair trial when it did not allow Allen to present a full defense in violation of the Fifth and Fourteenth Amendments to the United States Constitution."

> Ground 3: "Allen's attorney ineffectively failed to investigate potential defense witnesses in violation of the Sixth and Fourteenth Amendments to the United States Constitution."

> Ground 4: "Allen's appellate attorney ineffectively failed to challenge the jury instruction on implied malice in violation of the Sixth and Fourteenth Amendments to the United States Constitution."

> Ground 5: "Allen's appellate attorney ineffectively failed to challenge the notice requirement for a testifying witness in violation of the Sixth and Fourteenth Amendments to the United States Constitution."

> Ground 6: "The trial court deprived Allen of due process and a fair trial when it did not allow Allen to impeach the State's main witness with her prior bad acts in violation of the Fifth and Fourteenth Amendments to the United States Constitution."

(ECF No. 22, pp. 5, 7, 9, 10, 13, 15.)

Respondents filed their motion to dismiss (ECF No. 28) on April 1, 2022. In their motion, Respondents argue that Grounds 2 and 3 of Allen's second amended petition are unexhausted in state court, and that Ground 6 is procedurally defaulted. Allen filed an opposition to the motion to dismiss on August 8, 2022. (ECF No. 43.) Respondents filed a reply on September 15, 2022. (ECF No. 44.)

III.   DISCUSSION

A.     Exhaustion and Procedural Default – Legal Principles

A federal court generally cannot grant a state prisoner's petition for writ of habeas corpus unless the petitioner has exhausted available state-court remedies. 28 U.S.C. § 2254(b); *see also Rose v. Lundy*, 455 U.S. 509 (1982). This means that a petitioner must give the state courts a fair opportunity to act on

each of his claims before he presents those claims in a federal habeas petition. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. *See Casey v. Byford*, 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey*, 653 F.2d 374, 376 (9th Cir. 1981). The petitioner must "present the state courts with the same claim he urges upon the federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971). A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal habeas claim is based. *See Bland v. California Dept. of Corrections*, 20 F.3d 1469, 1473 (9th Cir. 1994). The exhaustion requirement is not met when the petitioner presents to the federal court facts or evidence which place the claim in a significantly different posture than it was in the state courts, or where different facts are presented to the federal court in support of the claim. *See Nevius v. Sumner*, 852 F.2d 463, 470 (9th Cir. 1988). On the other hand, new allegations that do not "fundamentally alter the legal claim already considered by the state courts" do not render a claim unexhausted. *Vasquez v. Hillery*, 474 U.S. 254, 260 (1986); *see also Chacon v. Wood*, 36 F.3d 1459, 1468 (9th Cir. 1994).

The Supreme Court has recognized that in some cases it may be appropriate for a federal court to anticipate a state-law procedural bar of a claim never presented in state court, and to treat such a claim as technically exhausted but subject to the procedural default doctrine. "An unexhausted claim will be procedurally defaulted, if state procedural rules would now bar the petitioner from bringing the claim in state court." *Dickens v. Ryan*, 740 F.3d 1302, 1317 (9th Cir. 2014) (citing *Coleman v. Thompson*, 501 U.S. 722, 731 (1991)).

In this case, the parties appear to agree, and the Court concurs, that any claims not yet presented in state court would now be procedurally barred—for example, under Nev. Rev. Stat. § 34.726 (statute of limitations) and/or § 34.810

(successive petitions)—if Allen were to return to state court to exhaust those claims. (*See* ECF No. 43 at 6–7 (Allen concedes as much regarding Ground 3 and does not make any argument that the same should not apply to any of his other claims); ECF No. 44 at 4 (Respondents' position).) Therefore, the anticipatory default doctrine applies to claims Allen has not presented in state court, and the Court considers such claims to be technically exhausted but subject to the procedural default doctrine. *See Dickens*, 740 F.3d at 1317.

Turning to the procedural default doctrine, a federal court will not review a claim for habeas corpus relief if the decision of the state court denying the claim rested—or, in the case of a technically exhausted claim, would rest—on a state law ground that is independent of the federal question and adequate to support the judgment. *Coleman v. Thompson*, 501 U.S. 722, 730–31 (1991). The Court in *Coleman* described the effect of a procedural default as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman*, 501 U.S. at 750; *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986).

To demonstrate cause for a procedural default, the petitioner must "show that some objective factor external to the defense impeded" his efforts to comply with the state procedural rule. *Murray*, 477 U.S. at 488. For cause to exist, the external impediment must have prevented the petitioner from raising the claim. *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991). With respect to the question of prejudice, the petitioner bears "the burden of showing not merely that the errors [complained of] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *White v. Lewis*, 874 F.2d 599, 603 (9th Cir. 1989), (citing *United States v. Frady*, 456 U.S. 152, 170 (1982)).

In *Martinez v. Ryan*, 566 U.S. 1 (2012), the Supreme Court held that ineffective assistance of post-conviction counsel may serve as cause, to overcome the procedural default of a claim of ineffective assistance of trial counsel. In *Martinez*, the Supreme Court noted that it had previously held, in *Coleman*, that "an attorney's negligence in a postconviction proceeding does not establish cause" to excuse a procedural default. *Martinez*, 566 U.S. at 15. The *Martinez* Court, however, "qualif[ied] *Coleman* by recognizing a narrow exception: inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Id.* at 9.

### B.    Ground 2

In Ground 2 of his second amended habeas petition, Allen claims that "[t]he trial court deprived Allen of due process and a fair trial when it did not allow Allen to present a full defense in violation of the Fifth and Fourteenth Amendments to the United States Constitution." (ECF No. 22 at 7.) Allen describes his defense theory as follows:

> Allen's defense at trial was that the victim, Pamela Powell, lied when she told police Allen had been the person who broke into her home and beat her with a baseball bat. The defense's theory was that Peter Banks, Powell's fiancé, was the real perpetrator of the violence against Powell, but that Powell lied to police to protect Banks.

(*Id.* at 7–8.) Allen goes on to describe the ruling of the trial court that he alleges violated his right to present a full defense:

> During Allen's trial, Allen's attorney attempted to impeach the credibility of Powell's testimony that it was Allen who beat her. Allen's trial attorney attempted to use her fiancé's prior convictions and the fact he was required to register as a sex offender to show Powell was covering for Banks by saying it was Allen who beat her. Allen's defense counsel had a reasonable belief Banks' convictions existed, and therefore should have been permitted to ask Powell about Banks' prior convictions. But the court wouldn't allow trial counsel to question Powell about Banks' requirement to register as a sex offender because trial counsel didn't have Banks' judgments of conviction.

(*Id.* at 8 (footnotes omitted).)

1    The parties disagree about whether Allen exhausted Ground 2 as part of

2    Ground 1 of his state habeas petition. (*See* ECF No. 28, p. 6; ECF No. 43, pp. 5–

3    7; ECF No. 44, pp. 2–4; *see also* ECF No. 33-26, pp. 6–7 (Ground 1 of state habeas

4    petition).) However—while the Court observes that there are differences between

5    the two claims, including the fact that Ground 2 concerns Allen's attempt to

6    impeach Powell's testimony with Banks' prior convictions, while Ground 1 of his

7    state petition may be read to concern only his attempt to impeach Powell's

8    testimony with Powell's own prior convictions—the Court need not resolve this

9    dispute; Ground 2 is procedurally defaulted whether or not it was asserted as

10    part of Ground 1 of Allen's state habeas petition.

11    The state district court denied relief on Ground 1 of Allen's state habeas

12    petition, ruling that the claim should have been raised on direct appeal and was

13    therefore procedurally barred. (ECF No. 34-3, pp. 3–4.) On the appeal in Allen's

14    state habeas action, the Nevada Court of Appeals affirmed, ruling as follows

15    regarding Ground 1 of Allen's state habeas petition:

16    Allen also contends on appeal that the district court erred by
      denying his claim alleging trial court error. In his petition, Allen

17    claimed the trial court should have allowed him to impeach a
      particular witness. Allen could have raised this claim on appeal and,

18    accordingly, it was procedurally barred absent a demonstration of
      good cause and actual prejudice. NRS 34.810(1)(b). Allen did not

19    attempt to demonstrate either. We therefore conclude the district
      court did not err by denying this claim. [Footnote: On appeal, Allen

20    contends the ineffective assistance of appellate counsel constituted
      good cause. Because this argument was not raised below, we decline

21    to consider it on appeal in the first instance. *See McNelton v. State*,
      115 Nev. 396, 416, 990 P.2d 1263, 1276 (1999).]

22

23    (ECF No. 34-10, p. 5.) Therefore, Ground 1 of Allen's state habeas petition was

24    ruled procedurally barred in state court, and if Ground 2 was asserted as part of

25    that claim, it is, in this federal habeas action, subject to the procedural default

26    doctrine. Allen makes no argument that he can overcome the procedural default,

27    and, in fact, concedes that he cannot do so under *Martinez*. (*See* ECF No. 43, p.

28    11 ("If this Court deems Grounds 2 and 6 as procedurally defaulted, Allen cannot

1    overcome the procedural default under *Martinez v. Ryan* as the two Grounds are

2    not ineffective assistance of counsel claims.").)

3        Alternatively, if Ground 2 was not asserted in state court as part of Ground

4    1 of his state habeas petition, then Ground 2 is technically exhausted, but subject

5    to the procedural default doctrine in this case. And, again, Allen makes no

6    argument that he can overcome the procedural default.

7        Therefore, whether encompassed by Ground 1 of his state petition or not,

8    Ground 2 is procedurally defaulted, and it will be dismissed for that reason.

9        C.    Ground 3

10    In Ground 3, Allen claims: "Allen's attorney ineffectively failed to investigate

11    potential defense witnesses in violation of the Sixth and Fourteenth Amendments

12    to the United States Constitution." (ECF No. 22, p. 9.) Allen's claim in Ground 3

13    is, in its entirety, as follows:

14        Trial counsel failed to investigate, locate and subpoena
         potential witnesses that could have provided testimony at Allen's trial
15       which would have called into question the credibility of the State's
         main witness, Powell. Trial counsel was aware through police reports
16       and discovery that there were witnesses (with no motive to help Allen)
         who made statements that were exculpatory for Allen and that were
17       inconsistent with Powell's statements to police and her testimony.
         For example, a witness, Laurie Arnold, told police that she heard
18       screaming and then saw a man leave Powell's apartment and get into
         a four door car. But Allen drove a two door car. The name and
19       address of this witness was available to trial counsel, yet counsel
         failed to attempt to locate and interview this witness. This was
20       ineffective assistance of counsel which deprived Allen of his right to
         a fair trial and due process. There is a reasonable probability the
21       outcome of Allen's trial would have been different had his attorney
         investigated witnesses. Allen was prejudiced by his attorney's failure.
22
23        Any contrary decision by a state court would be contrary to, or
         an unreasonable application of, clearly established federal law,
24       and/or would involve an unreasonable determination of the facts.
         *See* 28 U.S.C. 2254(d)(1) and (2). The writ should be granted and the
25       conviction and sentence should be vacated.
26        This claim was presented to the Nevada Court of Appeals
         during postconviction proceedings.
27    (*Id.* at 9–10 (footnotes omitted).)

28

8

Allen asserted a similar claim as Ground 2 of his state habeas petition. (*See* ECF No. 33-26, pp. 6, 8.) His claim in Ground 2 of his state petition was, in its entirety, as follows:

> Defense counsel was ineffective violating Petitioner's Sixth and Fourteenth Amendment rights to the United States Constitution.
>
> When trial counsel failed to investigate [the] crime charged, locate and [subpoena] certain witnesses and present potential witnesses' testimony which could have affected the jury's evaluation of truthfulness of prosecution witness.
>
> It is undisputed that prior to trial defense counsel was aware through the police reports and discovery that there [were] multiple witnesses with no [apparent] reason to help the defendant who made statements to the police and were exculpatory or inconsistent with the prosecution witness statement.
>
> The names and addresses of these witnesses were available to defense counsel, yet trial counsel['s] attempts to locate and to interview them were perfunctory at best, deprived petitioner of his right to a fair and impartial trial as well as due process of law guaranteed by the Sixth and Fourteenth Amendment[s] to the United State[s] Constitution.

(*Id.*) The state district court denied relief on the claim in Ground 2 of Allen's state petition, ruling:

> Defendant's argument herein, that defense counsel failed to investigate, locate witnesses, etc., are bare allegations without any specific indication as to what should have been further investigated, what witnesses could have been discovered, what their proposed testimony would have been, and how such investigation or testimony would have changed the result of the Trial. The Nevada Supreme Court has indicated that bare and naked allegations are insufficient to warrant post-conviction relief. *Hargrove v. State*, 100 Nev. 498, 686 P.2d 222 (1984). Consequently, Mr. Allen's second argument fails.

(ECF No. 34-3, p. 4.) The Nevada Court of Appeals affirmed, ruling as follows:

> … Allen claimed trial counsel failed to investigate the crime charged, locate and subpoena certain witnesses, and present the witnesses' testimony. Allen's bare claim did not identify the witnesses, specify what the outcome of the investigation would have been, indicate what their testimony would have been, or explain how their testimony would have affected the outcome of the trial. We therefore conclude the district court did not err by denying this claim without first conducting and evidentiary hearing. *See Molina v. State*, 120 Nev. 185, 192, 87 P.3d 533, 538 (2004).

(ECF No. 34-10, p. 3.)

The obvious difference between Ground 3 in this case and Ground 2 of Allen's state petition is that in this case Allen identifies a witness whom he believes his trial counsel should have investigated. That difference "place[s] the claim in a significantly different posture than it was in the state courts." *See Nevius*, 852 F.2d at 470. Indeed, Allen's failure to identify any such witness in his state petition was the reason for the state courts' denial of relief on the claim. (*See* ECF No. 34-3, p. 4; ECF No. 34-10, p. 3.)

Therefore, the Court determines that this claim, as now presented in Ground 3, was not exhausted in Allen's state habeas action. The claim is, however, technically exhausted but subject to the procedural default doctrine. (*See* ECF No. 43, p. 9 (Allen concedes that "[i]f this Court determines Allen has not presented the claim in Ground Three to the Nevada state courts, the claim is technically exhausted and procedurally defaulted").) Allen argues, though, that he can overcome the procedural default under *Martinez*. (*See id.* at 10–11.)

The Court determines that the question whether Allen can overcome this procedural default under *Martinez* is intertwined with the merits of the claim, such that it will be better addressed after the parties brief the merits of the claim in Respondents' answer and Allen's reply. The Court will, therefore, deny Respondents' motion to dismiss with respect to this claim, without prejudice to Respondents asserting the procedural default defense to the claim—along with their arguments on the merits of the claim—in their answer.

D.    Ground 6

In Ground 6, Allen claims: "The trial court deprived Allen of due process and a fair trial when it did not allow Allen to impeach the State's main witness with her prior bad acts in violation of the Fifth and Fourteenth Amendments to the United States Constitution." (ECF No. 22, p. 9.) Allen's claim in Ground 6 is, in its entirety, as follows:

During Allen's trial, on information and belief, Allen's attorney attempted to impeach Pamela Powell, the alleged victim, with her prior convictions. Allen's defense counsel had a reasonable belief these convictions existed, and therefore should have been permitted to ask Powell about her prior convictions without being required to prove them with judgements of conviction. These convictions were relevant because they called into question Powell's character for truthfulness. The ability of Allen's attorney to impeach Powell was especially important at Allen's trial given she was the only witness to the crime. Therefore, the only direct evidence Allen committed a crime came from Powell, whose prior convictions call into question her character for truthfulness. The jury should have been able to consider evidence of Powell's prior convictions when weighing her credibility, and thus when deciding whether to believe her testimony.

When the trial court didn't allow Allen to impeach Powell's credibility with her prior convictions, Allen was denied his rights to due process and a fair trial. There is a reasonable probability the outcome of Allen's trial would have been different had his attorney impeached Powell.

Any contrary decision by a state court would be contrary to, or an unreasonable application of, clearly established federal law, and/or would involve an unreasonable determination of the facts. *See* 28 U.S.C. 2254(d)(1) and (2). The writ should be granted and the conviction and sentence should be vacated.

This claim was presented to the Nevada Court of Appeals during postconviction proceedings.

(*Id.* at 15 (footnote omitted).)

This claim, in Ground 6, is somewhat related to, but different from, the claim in Ground 2: Ground 6 concerns Allen's attempt to impeach Powell's testimony with Powell's own prior convictions; Ground 2 concerns his attempt to impeach Powell's testimony with Banks' prior convictions.

Ground 6 is essentially the same as Ground 1 of Allen's state habeas petition, and the Court determines that Allen exhausted the claim in Ground 6 in that state-court proceeding. (*See* ECF No. 33-26, pp. 6–7.) However, the state courts ruled the claim procedurally barred. (*See* ECF No. 34-3, pp. 3–4 (state district court); ECF No. 34-10, p. 5 (Nevada Court of Appeals).) In this federal habeas action, then, the claim is subject to the procedural default doctrine. Allen makes no argument that he can overcome the procedural default of this claim and concedes that he cannot do so under *Martinez*. (*See* ECF No. 43, p. 11 ("If

11

1    this Court deems Grounds 2 and 6 as procedurally defaulted, Allen cannot

2    overcome the procedural default under *Martinez v. Ryan* as the two Grounds are

3    not ineffective assistance of counsel claims.").) Therefore, Ground 6 will be

4    dismissed as procedurally defaulted.

5    IV.    CONCLUSION

6          It is therefore ordered that Respondents' Motion to Dismiss (ECF No. 28) is

7    granted in part and denied in part. Grounds 2 and 6 of Petitioner's Second

8    Amended Petition for Writ of Habeas Corpus (ECF No. 22) are dismissed. In all

9    other respects, Respondents' Motion to Dismiss is denied.

10         Respondents will have 60 days from the date of this order to file an answer,

11   responding to the remaining claims in the Second Amended Petition. In all other

12   respects, the schedule for further proceedings set forth in the order entered April

13   23, 2021 (ECF No. 8) remains in effect.

14         DATED THIS 9th day of March, 2023.

15

16   _____

17   ANNE R. TRAUM
     UNITED STATES DISTRICT JUDGE

18

19

20

21

22

23

24

25

26

27

28